James T. Burke,                        :
        Plaintiff,                     :
                                       :
        v.                             :        File Nos. 1:09-CV-116
                                       :                  1:09-CV-117
Jeffrey Eaton                          :                  (consolidated)
and Cassandra Francis,                 :
        Defendants.                    :

OPINION AND ORDER
(Paper 13)

Plaintiff James T. Burke, proceeding *pro se*, brings this action claiming that the defendants failed to properly effect service in an unrelated civil case.  Burke initially filed suit against defendants Jeffrey Eaton, Clerk of this Court, and Cassandra Francis, Criminal Clerk for the United States Marshals Service ("USMS"), in separate small claims actions in state court.  The government removed the cases, moved to consolidate, and substituted the United States as the defendant pursuant to 28 U.S.C. § 2679(d).  Currently before the Court is the government's motion to dismiss.  For the reasons set forth below, the motion to dismiss is GRANTED and this case is DISMISSED.

Factual Background

In December 2008, Burke commenced a federal civil rights action against Chittenden State's Attorney Thomas J. Donovan, Jr.  See Burke v. Donovan, File No. 1:08-CV-263.  The Court granted Burke's motion to proceed *in forma pauperis*, and ordered that service of process be accomplished by the USMS.  Pursuant to Fed.

R. Civ. P. 4(m), the complaint was to be served no later than 120 days from the December 12, 2008 filing of the complaint. Accordingly, the deadline for service was April 11, 2009.

The USMS sent waivers of service and a copy of the complaint to the Office of the Attorney General for the State of Vermont on March 13, 2009.  The State then had 60 days in which to file an answer or other responsive pleading, setting the response deadline at May 12, 2009.  The State filed a timely motion to dismiss on April 14, 2009.

Although service was timely, and the State's response time had not yet expired, Burke commenced the first of these two actions against defendant Eaton on April 1, 2009.  He filed a nearly-identical complaint against defendant Francis on April 8, 2009.  Both complaints alleged that the defendants failed to accomplish service of process, and requested damages in the amount of $5,000.

The defendants each filed a notice of removal on May 1, 2009, and on June 30, 2009 they moved to consolidate.  The defendants also filed a notice of substitution under the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(1)-(2), together with certifications indicating that each defendant was acting within the scope of his/her employment.  The effect of the notice of substitution was the insertion of the United States as the sole

defendant.  The Court granted the motion to consolidate, and now
turns to the government's motion to dismiss.

Discussion

The government's motion argues that the Court lacks subject
matter jurisdiction because Burke has failed to exhaust his
administrative remedies as required by the Federal Tort Claims
Act ("FTCA"), 28 U.S.C. §§ 2671-2680.  When, as here, a plaintiff
seeks to bring a negligence claim for damages against federal
officials acting within the scope of their employment, his sole
remedy is under the FTCA.  See 28 U.S.C. § 2679(b).  Because the
FTCA is a limited waiver of the federal government's sovereign
immunity, Millares Guiraldes de Tineo v. United States, 137 F.3d
715, 719 (2d Cir. 1998), a plaintiff must follow the procedures
set forth in the statute.  Those procedures include
administrative exhaustion prior to filing suit.  See 28 U.S.C. §
2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993) ("The
FTCA bars claimants from bringing suit in federal court until
they have exhausted their administrative remedies."); Celestine
v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d
Cir. 2005).  This requirement applies to all suits, including
those that were originally brought in state court.  See id.

It is Burke's burden to show that he has complied with the
FTCA, and he has made no such showing.  See McClenton v. Menifee,
2006 WL 2474872, at *16 (S.D.N.Y. Aug. 22, 2006).  His complaints

are silent on the matter of exhaustion, and he has failed to respond to the motion to dismiss. Accordingly, the Court finds that it lacks subject matter jurisdiction over the claims asserted, and that this action must be DISMISSED without prejudice. See 28 U.S.C. § 2679(d)(5)(B). Because the Court lacks subject matter jurisdiction, it does not reach the merits of Burke's claims. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 93-94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

## Conclusion

For the reasons set forth above, the government's motion to dismiss (Paper 13) is GRANTED, and this case is DISMISSED without prejudice.

Dated at Brattleboro, in the District of Vermont, this 29th day of December, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge